KAREN KOLE, Plaintiff-Appellant, v. LINDA BRUBAKER *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—00—1532

Opinion filed October 31, 2001.

Meyer & Blumenshine, of Chicago (Corey E. Meyer, of counsel), for appellant.

Cassiday, Shade & Gloor, of Chicago (Joseph A. Camarra, Donald F. Ivansek, and Brian A. Schroeder, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Karen Kole, appeals the order of the circuit court dismissing with prejudice her medical negligence complaint against defendants, Linda Brubaker, M.D., and University Urogynecologists (University), pursuant to Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)) for failing to exercise reasonable diligence in effectuating service of process. Plaintiff primarily takes issue with the trial court's finding of a lack of diligence on her part, arguing that the record amply demonstrates that defendants were served in a timely fashion. Plaintiff alternatively maintains that, even if the trial court's determination was correct, dismissal of her claims should not have been with prejudice and that the trial court erred in not affording her an opportunity to refile. For the following reasons, we affirm.

## BACKGROUND

Prior to the instant action, plaintiff, an attorney who suffers from multiple sclerosis, had been a regular patient of Dr. Brubaker and University since 1982. On January 27, 1999, plaintiff filed a two-count *pro se* complaint charging defendants with negligence allegedly arising from defendants' care and treatment of certain complications experienced by plaintiff due to her multiple sclerosis.[1] Summons directed against the defendants was placed with the sheriff at the time. After two unsuccessful attempts, the summons was returned on February 16, 1999, "not served" due to an incorrectly stated address. The return of service indicates the address stated on the face of the summons was the office location of Dr. Brubaker's husband. According to the return, the serving deputy was told by defendant's husband that Dr. Brubaker did not conduct, and had never conducted, her practice at that location.

The record discloses that plaintiff undertook no action in the case from the time the original summons was returned on February 16 until some unspecified date in June 1999 when plaintiff hired attorney Corey Meyer to represent her. Notwithstanding the retention of counsel, plaintiff's case was dismissed for want of prosecution on July 29, 1999, due to Meyer's failure to attend a scheduled case management conference.

---

[1] Plaintiff did not support her complaint with a physician's affidavit attesting to the merit of her claims as required by section 2—622(a) of the Civil Practice Law (Act) (735 ILCS 5/2—622(a)(1) (West 1998)). Plaintiff, instead, filed her own affidavit in lieu of the physician affidavit as allowed by section 2—622(a)(2) of the Act (735 ILCS 5/2—622(a)(2) (West 1998)), explaining she did not have adequate time for a doctor to review her claims due to the impending expiration of the applicable statutory period of limitations.

Meyer responded on August 13, 1999, by moving the trial court to vacate its dismissal order and reinstate plaintiff's claims. A hearing on said motion was set for August 23, 1999. However, because Meyer misdiaried the hearing date, plaintiff's motion was not heard until September 27, 1999. Following a hearing, the trial court granted plaintiff's motion and reinstated plaintiff's cause. The court additionally allowed Meyer leave to enter an appearance on plaintiff's behalf and appointed a special process server to effectuate an alias summons on defendants.

Meyer entered his appearance and issued an alias summons directed to defendants on October 1, 1999. Defendants were ultimately served with process on October 24, 1999, and two days later, the law firm of Cassiday, Schade & Gloor, through attorney Joseph Camarra, formally appeared on defendants' behalf.

On October 27, 1999, defendants moved to dismiss plaintiff's complaint pursuant to Supreme Court Rule 103(b), which allows a defendant to seek dismissal of a plaintiff's claim or claims against it when the plaintiff has failed to exercise reasonable diligence to obtain service. 177 Ill. 2d R. 103(b). Defendants claimed plaintiff's service of summons upon them (October 24, 1999), almost nine months after the filing of the complaint (January 27, 1999), and more than eight months after the return of the original summons was not served (February 16, 1999), demonstrated a lack of reasonable diligence on plaintiff's part under Rule 103(b). Defendants' motion was supported by the affidavit of Dr. Brubaker, which avers that the doctor, at all relevant times, was a physician licensed to practice medicine in the State of Illinois and an employee and principle of University. For the five years preceding the filing of defendants' Rule 103(b) motion, Dr. Brubaker's home and business addresses, respectively, had been the same. In addition, according to the affidavit, plaintiff resided at all relevant times approximately two blocks from Dr. Brubaker's home in River Forest, Illinois, and, further, plaintiff's husband was a physician on the staff of Rush-Presbyterian Medical Center (Rush), where Dr. Brubaker conducted a majority of her practice. Dr. Brubaker maintained she never attempted to avoid service by plaintiff, either individually or as a principal of University, at any time prior to October 24, 1999.[2]

In response, plaintiff maintained the facts and circumstances of

---

[2]In addition to seeking dismissal under Rule 103(b), defendants sought dismissal due to plaintiff's failure to submit a physician affidavit as required by section 2—622 of the Act. Defendant's motion was entered by the trial court on November 2, 1999, and continued for status to December 21, 1999. The status set for December 21, however, was subsequently stricken and the

the case show she exercised reasonable diligence in effectuating service on defendants. In support of her contention, plaintiff specifically stressed that: she was acting *pro se* until October 1, 1999, and, while an attorney, had no experience in civil litigation matters; summons directed at defendants had been placed with the sheriff when the complaint was filed but, due to the listing of an incorrect address, was returned "not served"; counsel was ultimately secured in June 1999 and, following counsel's "extensive investigation" of the matter, an attempt was made to issue an alias summons on August 1, 1999; at that time, counsel learned the case had been dismissed for want of prosecution on July 29; counsel responded promptly by seeking to have the dismissal vacated, which was ultimately achieved on September 27; and shortly thereafter, counsel entered his appearance and, slightly less than a month later, an alias summons was served on defendants.

Plaintiff notably did not submit an affidavit with her response or any other evidentiary materials that detailed her activities from the time of the complaint's filing and the date defendants were actually served or that explained why it took so long for her to provide process. Plaintiff's attorney similarly did not file an affidavit stating what action he undertook on plaintiff's behalf or efforts he expended to serve defendants. Plaintiff simply relied on the events of the case as depicted by the record materials.

After considering "the totality of the circumstances and evidence, and weighing all of the relevant factors," the trial court concluded that plaintiff had "failed to demonstrate *** due diligence in effectuating service on defendants" and, thus, granted defendants' motion to dismiss in a written decision issued on January 24, 2000. In deciding whether dismissal should be with or without prejudice, the court determined that the two-year statute of limitations applicable to medical negligence actions (735 ILCS 5/13—212(a) (West 1998)) began to run no later than July 30, 1997, when plaintiff sent a letter to the chairmen of the "OB/Gyn" department at Rush which was critical of Dr. Brubaker's care and treatment. Because "service on *** defendants on October 24, 1999 was past the expiration of the limitations period," the court ordered its dismissal to be with prejudice.

## ANALYSIS

■ Plaintiff initially challenges the trial court's finding that she did not act with reasonable diligence in serving defendants. Rule 103(b) does not set forth a specific time in which a defendant must be

---

trial court thereafter only considered defendants' Rule 103(b) motion. Thus, the issue of whether dismissal was warranted due to plaintiff's failure to comply with section 2—622 is not before this court.

served but, rather, simply requires a plaintiff to exercise reasonable diligence to provide service in a timely manner. The rule was adopted to effectuate the historical and constitutional mandate that justice be fairly and promptly rendered (*Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377, 561 N.E.2d 25, 27 (1990)), and, to the end of promoting the expeditious handling of lawsuits, the trial courts are permitted broad discretion to dismiss a case when service is not effected in a diligent manner. *Segal v. Sacco*, 136 Ill. 2d 282, 285-86, 555 N.E.2d 719, 720 (1990). Rule 103(b) further aims to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations, which is designed to afford the defendant a fair opportunity of investigation, by filing suit before the expiration of the limitations period but taking no action to have the defendants served until the plaintiff is ready to proceed with the litigation. *Sacco*, 136 Ill. 2d at 286, 555 N.E.2d at 720; *Marks v. Rueben H. Donnelley, Inc.*, 260 Ill. App. 3d 1042, 1046-47, 636 N.E.2d 825, 829 (1994); 3 R. Michael, Illinois Practice § 8.7, at 91 (1989).

■ In moving for dismissal under Rule 103(b), the defendant is initially required to make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. *Martin v. Lozada*, 23 Ill. App. 3d 8, 11, 318 N.E.2d 334, 336 (1974); 3 R. Michael, Illinois Practice § 8.7, at 93 (1989). No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions. Rather, because of the nature of the issue, the determination of whether the defendant has established a *prima facie* case of lack of diligence must be made on a case-by-case basis. See 3 R. Michael, Illinois Practice § 8.7, at 33 (Supp. 2000).

■ Defendants have adequately made a *prima facie* showing of plaintiff's unreasonable lack of diligence. Plaintiff's *pro se* complaint was filed on January 27, 1999, and defendants were not actually served with process until October 24, 1999, almost nine months after the institution of the lawsuit. Because the record does not disclose any unusual circumstances that would have prevented or otherwise hindered plaintiff's ability to serve defendants, we find the elapsed time period raises an inference that plaintiff failed to act diligently under Rule 103(b).

Once the defendant establishes that the time between the institution of the suit and the date of actual service is indicative of a lack of diligence in the absence of any patently unusual circumstances, the burden shifts to the plaintiff to demonstrate, with specificity and in conformity with the rules of evidence, that reasonable diligence was

exercised and to offer an explanation to satisfactorily justify any delay in service. *Sacco,* 136 Ill. 2d at 286, 555 N.E.2d at 720; *Kreykes Electric, Inc. v. Malk & Harris,* 297 Ill. App. 3d 936, 940, 697 N.E.2d 885, 888 (1998); *Tischer v. Jordan,* 269 Ill. App. 3d 301, 307, 645 N.E.2d 991, 995 (1995); 3 R. Michael, Illinois Practice § 8.7, at 92, 95 (1989). Hence, it was incumbent upon plaintiff to explain, by way of affidavit or other competent evidentiary materials, that her delay in service was reasonable and justified under the circumstances.

■ The standard used in resolving a Rule 103(b) motion is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service. *Kreykes Electric,* 297 Ill. App. 3d at 940, 697 N.E.2d at 888; *Tischer,* 269 Ill. App. 3d at 307, 645 N.E.2d at 995. Each case is decided on its own facts and circumstances (*Marks,* 260 Ill. App. 3d at 1047, 636 N.E.2d at 829), and while no absolute standard exists, certain nonexclusive factors are to be considered, such as (1) the length of time used to obtain service of process, (2) the activities of the plaintiff during that time period, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant concerning the pendency of the action, (6) any special circumstances affecting the plaintiff's efforts at service, and (7) actual service on the defendant. *Segal,* 136 Ill. 2d at 287, 555 N.E.2d at 720; *Kreykes Electric,* 297 Ill. App. 3d at 940, 697 N.E.2d at 888. These factors, according to our supreme court, "must be considered in light of the purpose of Rule 103(b)." *Segal,* 136 Ill. 2d at 287, 555 N.E.2d at 721.

■ The determination of whether a plaintiff has exercised reasonable diligence under Rule 103(b) rests within the sound discretion of the trial court and, absent an abuse of that discretion, the court's decision will not be disturbed on appeal. *Paige-Myatt v. Mount Sinai Hospital Medical Center,* 313 Ill. App. 3d 482, 486, 729 N.E.2d 908, 912 (2000).

■ We conclude the trial court's finding of a lack of diligence on plaintiff's part was a proper exercise of its discretion. While plaintiff's immediate attempt to obtain service evinces diligence on her part (*Kincaid v. Ames Department Stores, Inc.,* 283 Ill. App. 3d 555, 563, 670 N.E.2d 1103, 1109 (1996); *Brezinski v. Vohra,* 258 Ill. App. 3d 702, 705, 631 N.E.2d 345, 348 (1994)), plaintiff failed to explain, by way of affidavit or otherwise, why it took her seven months to have an alias summons prepared and more than eight months to have that summons served. Notably, plaintiff's prior invalid service did not relieve her of her obligation of obtaining valid service within the diligence requirements of Rule 103(b). *Schusterman v. Northwestern Medical*

*Faculty Foundation*, 195 Ill. App. 3d 632, 639, 552 N.E.2d 1178, 1182 (1990). In the absence of any credible explanation by plaintiff regarding her activities during this period, the record wholly justifies a conclusion that plaintiff did nothing to attempt service on defendants following the return of the original summons. Based on the record, plaintiff's lack of service during this time can only be attributed to idleness.

Plaintiff stresses she retained counsel in June 1999 and, following counsel's "extensive investigation" of the matter, counsel successfully moved to have the case reinstated and alias summons served. Yet, plaintiff fails to explain what her activities consisted of between February 16, 1999, the date of the returned summons, and June 1999. Furthermore, neither plaintiff nor plaintiff's counsel detailed the nature of counsel's "extensive investigation" and what that investigation entailed. As stated by the trial court, counsel's investigation must not have involved the checking of the court file, "as if [counsel] had, perhaps the case would not have been DWP'd on July 29, 1999." In this respect, plaintiff's counsel never indicated whether he was ever aware of the July case management conference, his absence from which led to the initial dismissal, and, if he was, the reason for his nonattendance. Furthermore, as pointedly noted by the trial court, though plaintiff's counsel had moved to vacate the dismissal and a hearing had been scheduled, the hearing on that motion was delayed due to the fact that counsel misdiaried the date.

Continuing with an examination of the relevant factors, the record indicates plaintiff should have been well aware of defendants' whereabouts during the time in question. Plaintiff had been a long-time patient of Dr. Brubaker and University, and Dr. Brubaker's uncontradicted affidavit established that Dr. Brubaker's business address had been the same for the five years preceding the filing of plaintiff's complaint. Significantly, plaintiff never claimed any difficultly in locating defendants, and the record does not show or suggest that defendants purposely sought to evade service. The fact defendants were served by alias summons without any difficulties at Dr. Brubaker's personal residence, which, like her business address, had been the same for the five-year period preceding the commencement of the lawsuit, demonstrates that defendants were easily available for service at an earlier date and dispels any suggestion that defendants' location was not easily ascertainable. See *Tischer*, 269 Ill. App. 3d at 308, 645 N.E.2d at 996 (stating the fact the defendants were served without difficulty indicated that the defendants were available and amenable to service at an earlier date had plaintiff acted in a timely fashion and, accordingly, mitigated against a finding of diligence under Rule 103(b));

*Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 617, 611 N.E.2d 1327, 1333 (1993) (expressing similar finding).

Plaintiff intimates special circumstances existed that should mitigate any lack of diligence on her part. Plaintiff first cites her multiple sclerosis. Yet, plaintiff never explained how her physical condition prevented or hindered her efforts to obtain timely service on defendants. Plaintiff further notes she originally acted *pro se* in the matter and that, while an attorney, had no experience practicing in civil litigation matters. These facts are of no consequence since, as the trial court found, *pro se* litigants must comply with the same rules of procedure as would be required of litigants represented by counsel. *Paddock v. Department of Employment Security*, 184 Ill. App. 3d 945, 949, 540 N.E.2d 1053, 1055 (1989); *Domenella v. Domenella*, 159 Ill. App. 3d 862, 868, 513 N.E.2d 17, 21 (1987). Plaintiff's initial choice to proceed *pro se* did not relieve her of her obligation to act diligently in serving defendants.

Plaintiff lastly asserts defendants should have been aware of her claims in February 1999 by virtue of the unsuccessful attempt to serve Dr. Brubaker at her husband's place of business. Plaintiff claims Dr. Brubaker's husband "had to know the case involved his wife, for he had to read the summons" and asserts that "it would be unrealistic to assume *** [Dr. Brubaker's husband] did not advise his wife of the pending action." Alternatively, plaintiff maintains defendants had notice of the suit at the very latest in September 1999 when counsel appeared on their behalf to respond to the motion to vacate the dismissal for want of prosecution. In either case, plaintiff claims defendants have not been prejudiced in preparing a defense because they had an ample opportunity to investigate the facts upon which their liability was predicated.

Contrary to plaintiff's intimation, defendants were not required to prove a lack of prejudice. A showing of prejudice to the defendant as a result of the plaintiff's delay, while an appropriate consideration (see *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 353, 685 N.E.2d 1018, 1020 (1997)), is not required before dismissal under Rule 103(b) may be granted. *Kreykes Electric*, 297 Ill. App. 3d at 940, 697 N.E.2d at 888; *Billerbeck*, 292 Ill. App. 3d at 352, 685 N.E.2d at 1020. Moreover, actual notice or knowledge to the defendant of the plaintiff's action, together with a lack of prejudice to the defendant, will not necessarily preclude dismissal under Rule 103(b). *Womick*, 137 Ill. 2d at 377, 561 N.E.2d at 27; *Billerbeck*, 292 Ill. App. 3d at 355, 685 N.E.2d at 1021. These facts are simply two factors that are to be considered in light of the other factual circumstances of the case and, where outweighed by other factors, will not preclude a finding of unreason-

able diligence. *Womick*, 137 Ill. 2d at 377, 561 N.E.2d at 27; *Billerbeck*, 292 Ill. App. 3d at 355, 685 N.E.2d at 1021.

Plaintiff's claim that Dr. Brubaker had to have been informed by her husband about the pendency of the action finds no direct or inferential support in the record and is a matter of pure speculation. The record is completely devoid of any indication that Dr. Brubaker was told by her husband of plaintiff's complaint at any time before actual service was effectuated. The mere fact that service was attempted on Dr. Brubaker's husband, alone, is not enough for an inference of knowledge to be drawn.

In any event, even assuming that Dr. Brubaker was told by her husband of the lawsuit as plaintiff contends, the remaining facts in the case establishing plaintiff's lack of diligence preponderate any knowledge by defendants and lack of prejudice to them. As noted, the record presents no unusual circumstances that would have prevented service on defendants in a timely manner and plaintiff has offered no explanation as to why it took so long to serve process or why she remained inactive at certain times during the period in question. Plaintiff had a nondelegable duty to deliver summons to the sheriff and to ensure that a prompt and proper return was made. *Tischer*, 269 Ill. App. 3d at 306, 645 N.E.2d at 995; *Schusterman*, 195 Ill. App. 3d at 639, 552 N.E.2d at 1182. Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from her own lack of diligence in effectuating service. *Zincoris*, 243 Ill. App. 3d at 617, 611 N.E.2d at 1333. Because the record supports the trial court's determination that plaintiff did not exercise reasonable diligence in serving defendants until almost nine months after the institution of the lawsuit, and more than eight months after the original summons was returned unserved, we uphold the dismissal of plaintiff's complaint under Rule 103(b). We now consider whether that dismissal was required to be with prejudice.

■ Plaintiff's claim that dismissal was erroneously ordered with prejudice focuses on the date upon which the two-year statute of limitations applicable to medical negligence claims began to run. The trial court determined that the limitations period commenced on July 30, 1997. Plaintiff, instead, insists that the limitations period began to run on January 19, 1998, when her treating physician found evidence of medical abnormalities that suggested defendants' malpractice. Regardless of whether the limitations period started on July 30, 1997, as found by the trial court, or January 19, 1998, as contended by plaintiff, dismissal with prejudice was nonetheless proper.

Before July 1, 1997, and prior to the filing of defendants' motion

to dismiss, Rule 103(b) mandated dismissal of a claim against a defendant who had not been served in a diligent manner with prejudice when the plaintiff's failure to exercise reasonable diligence occurred after the expiration of the applicable statute of limitations. 134 Ill. 2d R. 103(b). Dismissal without prejudice was proper only when the lack of diligence occurred prior to the expiration of the statutory period. 134 Ill. 2d R. 103(b).

Effective July 1, 1997, Rule 103(b) was amended to provide for dismissal with prejudice when the trial court's dismissal order is entered after the expiration of the limitations period. 177 Ill. 2d R. 103(b). As stated by this court in *Paige-Myatt*:

> "The 1997 amendment made a subtle change to the prior rule. Previously, the court would look to the date when the plaintiff failed to exercise reasonable diligence to determine whether the dismissal would operate with prejudice—that is, whether the plaintiff could refile her complaint. Now the court looks to the date of dismissal to determine whether the plaintiff can refile." 313 Ill. App. 3d at 487, 729 N.E.2d at 912-13.

In this respect, the committee comments accompanying Rule 103(b) explain:

> "Whether the dismissal will extinguish the plaintiff's claims against the dismissed defendant will depend on whether the dismissal occurs before or after the statute of limitation has run. If before, the plaintiff will be able to refile; if after, the plaintiff will be unable to refile because the claims will be time-barred." 177 Ill. 2d R. 103(b), Committee Comments at xxvii.

In the present case, the court dismissed plaintiff's claims on January 24, 2000. Thus, even if this court were to accept plaintiff's assertion of error in the trial court's determination and find that the two-year statute of limitation began to run at the latest on January 19, 1998, dismissal of plaintiff's claims was required to be with prejudice because the trial court's dismissal order was entered five days after the expiration of the limitations period.

Plaintiff raises an interesting point that becomes evident once effect is given to Rule 103(b)'s language. Plaintiff asserts that under the present version of the rule, a trial court, for purposes of facilitating the removal of cases from its docket, can purposely delay its ruling on a defendant's dismissal motion until after the running of the statute of limitations.

Because public policy favors the determination of controversies according to the substantive rights of the parties, Rule 103(b) is not to be used by the trial courts to simply clear a crowded docket. *McCormack v. Leons*, 261 Ill. App. 3d 293, 295, 634 N.E.2d 1, 2-3 (1994). As

plaintiff asserts, the potential use of Rule 103(b) to relieve a crowded docket is palpable. Yet, a presumption that every dismissal issued under Rule 103(b) was motivated by the self-interests of the trial court is neither practical nor prudent and would effectively render Rule 103(b) meaningless. See *Montero v. University of Illinois Hospital*, 57 Ill. App. 3d 206, 211, 372 N.E.2d 1010, 1014 (1978) ("[w]e cannot assume that the trial court invoked Rule 103(b) merely as a device to reduce the backlog of cases"); see also *Galvan v. Morales*, 9 Ill. App. 3d 255, 258-59, 292 N.E.2d 36 (1972). Such concerns should be entertained only when the record contains specific evidence showing or otherwise clearly suggesting that the court acted improperly. The record in the instant case is devoid of any indication that the trial court dismissed plaintiff's complaint simply for its own benefit and we reject any claim by plaintiff to the contrary.

## CONCLUSION

For the foregoing reasons, the order of the trial court dismissing plaintiff's complaint against defendants with prejudice pursuant to Rule 103(b) is affirmed.

Affirmed.

HALL, P.J., and BURKE, J., concur.