2020 IL App (2d) 19-0328-U
No. 2-19-0328
Order filed March 16, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | |
|---|---|
| MAXINE DICKS, Independent Administrator of the Estate of Edward Dicks, Deceased, ) | Appeal from the Circuit Court of McHenry County. |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | No. 16-LA-383 |
| ) | |
| MEMORIAL MEDICAL CENTER-WOODSTOCK, d/b/a Centegra Hospital-Woodstock, By and Through Its Agents, Servants, and Employees; ALBI QELI, MD, Individually and as Agent, Servant and/or Employee of Memorial Medical Center-Woodstock; SATYAJIT DESKMUKH, MD, Individually and as Agent, Servant, and/or Employee of Memorial Medical Center-Woodstock; UNKNOWN X-RAY TECHNICIANS, Individually and as Agent(s), Servant(s), and/or Employee(s) of Memorial Medical Center-Woodstock; and SHEHLA SHEIKH, MD, Individually and as Agent, Servant, and/or Employee of Memorial Medical Center-Woodstock, ) | |
| ) | |
| Defendants ) | |
| ) | |
| (Shehla Sheikh, MD, Individually and as Agent, Servant, and/or Employee of Memorial Medical Center-Woodstock, Defendant-Appellee). ) | Honorable Kevin G. Costello, Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not abuse its discretion in dismissing the complaint under Illinois Supreme Court Rule 103(b) for plaintiff's failure to exercise reasonable diligence in obtaining service on defendant, as plaintiff served defendant 14 months after filing the complaint, despite lack of service being mentioned twice in court during that time.

¶ 2    Plaintiff, Maxine Dicks, the independent administrator of the estate of Edward Dicks, appeals the trial court's grant of defendant, Shehla Sheikh, MD's (defendant) motion to dismiss under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for failing to exercise reasonable diligence in obtaining service of process.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4    Plaintiff is the independent administrator of her son, Edward Dicks', estate.  On November 26, 2014, Edward was hospitalized at Memorial Medical Center-Woodstock (MMC), where he remained hospitalized for three weeks and was treated by defendant, Dr. Satyajit Deshmukh, and Dr. Albi Qeli, until Edward's death on December 19, 2014.

¶ 5    On November 23, 2016, plaintiff filed a complaint alleging medical negligence against MMC, Dr. Qeli, and Dr. Deshmukh.  She also named defendant and Northern Illinois Orthopaedics & Rehabilitation Building, LLC as respondents-in-discovery.  She did not attach a certificate of merit as required under section 2-622 of the Code of Civil Procedure (Code). 735 ILCS 5/2-622 (West 2016).  That same day, summons was issued for MMC and Dr. Deshmukh, but they were not served.  No summons was issued for defendant.

¶ 6    On February 22, 2017, plaintiff had a second summons issued for MMC and Dr. Deshmukh, but neither was served.  No summons was issued for defendant.  That same day,

plaintiff filed a motion for extension of time to file her certificate of merit under section 2-622. The trial court granted the motion, ordering that the certificate be filed by April 24, 2017. On April 22, 2017, an attempted service on defendant was returned unserved because the address of service was in a different county. On April 25, 2017, plaintiff filed her section 2-622 certificate and sought leave to file an amended complaint and convert defendant from a respondent-in-discovery to a defendant. Plaintiff also achieved service on Dr. Deshmukh and MMC. Plaintiff was unable to serve Dr. Qeli. After Dr. Deshmukh and MMC were served, Swanson, Martin & Bell, LLP, who represented Dr. Deshmukh, MMC, and defendant, advised plaintiff's counsel that they would appear for defendant once they had confirmed service. On May 1, 2017, plaintiff filed her amended complaint. Defendant was not served.

¶ 7　　On June 30, 2017, defendant's counsel filed an appearance and jury demand on behalf of MMC and Dr. Deshmukh. The signature line identified only those two parties. Defendant's counsel also filed a notice of filing of appearance and jury demand, which stated that, on June 30, 2017, an appearance and jury demand was filed on behalf of MMC, Dr. Deshmukh, and defendant. The signature line on the notice of filing identified the same three parties. Defendant's counsel emailed copies of the notice of filing and appearance to plaintiff's counsel.

¶ 8　　On July 10, 2017, a status hearing resulted in an order stating that counsel for plaintiff attended, and that an attorney appeared for MMC and Dr. Deshmukh. MMC and Deshmukh were given 28 days to answer or otherwise plead and there was no reference to defendant. On July 19, 2017, defendant's counsel e-mailed plaintiff's counsel an amended notice of filing on behalf of MMC and Dr. Deshmukh. No reference was made to defendant. The amended notice was not submitted to the trial court.

¶ 9    On August 16, 2017, MMC and Dr. Deshmukh moved to dismiss under Illinois Supreme Court Rule 103(b), arguing that the five-month delay between the initial filing of the complaint and service of process was unreasonable.  The circuit court entered a briefing schedule in which the order reflected that it was drafted by "SMB, LLP," counsel for "MMC [and] Deshmukh."  The court issued a second order, stating that summons had not been served on Dr. Qeli, and entering a return date of October 17, 2017.  That order did not identify who drafted it.  Plaintiff responded that the delay in service resulted from a clerical error in which the summonses prepared in November 2016 and February 2017 were never issued  In reply, MMC and Dr. Deshmukh argued that plaintiff's failure to confirm the status of service for more than five months was unreasonable and added that "there are still multiple defendants who have not been served in this action, which has now been pending for over a year."

¶ 10    On December 19, 2017, plaintiff filed a second-amended complaint, and, on January 4, 2018, she voluntarily dismissed Dr. Qeli.  On February 1, 2018, the court denied MMC and Dr. Deshmukh's motion to dismiss, and plaintiff issued a summons to defendant.  On February 15, 2018, plaintiff's counsel contacted defendant's counsel, stating that he had just realized that defendant had not been served.  Defendant was then served on February 16, 2018.

¶ 11    Defendant moved to dismiss under Rule 103(b), arguing that plaintiff failed to serve her from the time of original filing in November 2016, until February 2018, a period of more than 14 months.  Plaintiff responded, arguing that she was diligent in her attempts to serve defendant and that defense counsel's filing of a notice indicating that counsel appeared for defendant led her to believe that an appearance had been entered.  Plaintiff also noted correspondence in which defendant's counsel referred to conversations that he had with defendant and an order that mentioned that only Dr. Qeli had not been served.

¶ 12    Following a hearing the trial court stated:

"I guess what I'm struggling with is if you are telling me that your office scrutinized this notice of filing so significantly that you noticed that Doctor—they named Dr. Sheik[h] as someone they are going to be filing an appearance on, I have to assume that you would likewise scrutinize the actual appearance itself and you would likewise scrutinize the amended notice of filing.

I mean, there had to be—people don't—I mean, there is a reason you filed an amended notice of filing. Presumably there is something different on there. So if you're scrutinizing those I—to me, I think that would trigger, okay, well, it appears that they actually haven't appeared for this doctor."

¶ 13    Plaintiff's counsel responded that a paralegal handled service issues and argued that the delay was reasonable because the timeline started to run from the time defendant was converted to a defendant. The trial court asked why plaintiff's counsel made no inquiry when defendant did not file a responsive pleading, and counsel responded that the omission normally would trigger something, but there were other Rule 103(b) motions filed on behalf of two defendants that needed to be resolved first and that counsel was not necessarily going to police whether defendants were timely in filing responsive pleadings.

¶ 14    The trial court asked the parties to brief whether a respondent-in-discovery must be served with process. Then, on June 8, 2018, the court granted defendant's motion and dismissed the claim against defendant under Rule 103(b). In a written order, the court found that the applicable time for obtaining service began when defendant was named a respondent-in-discovery, which was more than 14 months before service. The court found the delay to be unreasonable. The court found plaintiff's reliance on the original, erroneous notice of filing problematic because there was

no sworn representation that the notice of filing caused plaintiff's counsel to stop trying to serve defendant and that reliance by a paralegal on the notice did not excuse the lack of oversight by plaintiff's counsel. The court found that the conflict between the original notice of filing and the amended notice should have prompted further inquiry, especially when the amended notice was served on both counsel and the paralegal. The court further stated that "plaintiff counsel's premise that defense counsel would appear for [defendant] without service defies the facts and common sense." Plaintiff appeals.

¶ 15                                   II. ANALYSIS

¶ 16    Plaintiff argues that the trial court abused its discretion in granting defendant's motion to dismiss because defendant caused her to believe that she had already appeared and because the delay was not unreasonable.

¶ 17    Rule 103(b) provides that an action may be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence in obtaining service on the defendant after the expiration of the applicable statute of limitations. The rule is designed to prevent the intentional delay of service for an indefinite amount of time to circumvent the limitations period. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 16.

¶ 18    In moving for dismissal under Rule 103(b), the defendant must initially make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effecting service after filing the complaint. *Id.* ¶ 17. "Once the defendant establishes that the time between the institution of the suit and the date of actual service is indicative of a lack of diligence in the absence of any patently unusual circumstances, the burden shifts to the plaintiff to demonstrate, with specificity and in conformity with the rules of evidence, that reasonable diligence was exercised and to offer an explanation to satisfactorily justify any delay in service" *Kole v. Brubaker*, 325 Ill. App. 3d 944,

949-50 (2001). It is incumbent upon the plaintiff to explain, by way of affidavit or other competent evidentiary materials, that the delay in service was reasonable and justified under the circumstances. *Id.* at 950.

¶ 19 A Rule 103(b) motion is not resolved under a subjective test of the plaintiff's intent. Instead, it is an objective test of reasonable diligence in effecting service. *Lewis v. Dillon*, 352 Ill. App. 3d 512, 518 (2004). In the absence of a satisfactory explanation, the trial court is justified in granting a dismissal under Rule 103(b). *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. A trial court's ruling on a motion to dismiss under Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill.2d 207, 213 (2007). A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view. *Emrikson*, 2012 IL App (1st) 111687, ¶ 14.

¶ 20 Consideration of a party's diligence, or lack thereof, under Rule 103(b) is fact-intensive. *McRoberts v. Bridgestone Americas Holding, Inc*., 365 Ill. App. 3d 1039, 1042 (2006). The factors to be considered in allowing or denying a Rule 103(b) motion include (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) actual knowledge by the defendant of the pendency of the action as a result of ineffective service; (6) special circumstances that would affect the plaintiff's efforts; and (7) actual service on the defendant. *Case*, 227 Ill. 2d at 212-13.

¶ 21 We first consider the length of time used to obtain the service of process. Here, plaintiff failed to serve defendant for over 14 months from the date that defendant was named a respondent in discovery. See *Anderson v. Intengan*, 191 Ill. App. 3d 1001, 1006 (1989) (once a party is named a respondent in discovery, the party is entitled to the protection attendant to service of summons

- 7 -

that would apply if the party was named as a defendant). This delay was sufficient for the trial court to find that defendants made a *prima facie* showing of a lack of diligence. See, *e.g.*, *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995). Plaintiff does not dispute that determination. Instead, plaintiff argues that special circumstances excuse the delay because she was led to believe that defendant's counsel had entered an appearance on defendant's behalf.

¶ 22    Here, because defendant presented a *prima facie* case that plaintiff lacked diligence in obtaining service, the burden shifted to plaintiff to prove, by way of affidavit or other competent evidence, that the delay in service was justified under the circumstances. See *Kole*, 325 Ill. App. 3d at 949-50. Plaintiff did not do so. She presented no competent evidence or affidavits to support her claim that her counsel or counsel's paralegal actually relied on the erroneous notice of appearance. In any event, as the trial court further noted, such a reliance was objectively unreasonable given that an amended notice was sent to plaintiff's counsel and paralegal, an appearance on behalf of defendant was not actually filed, and counsel for defendant previously stated that they would enter an appearance once service was confirmed. Then, plaintiff also failed to act when defendant filed no responsive pleadings. Plaintiff did not meet the burden of showing that the delay was justified under the circumstances.

¶ 23    Plaintiff argues that *Silverberg v. Haji*, 2015 IL App (1st) 141321 and *Licka v. William A. Sales, Ltd.*, 70 Ill. App. 3d 929 (1979), support a different conclusion. But in those cases, the plaintiffs justifiably believed that valid service had occurred and had been lulled into a mistaken belief. Here, as previously noted, there was a lack of evidence that plaintiff had a justifiable belief that service had occurred or that defendant had actually appeared. Thus, the trial court did not abuse its discretion in discrediting plaintiff's argument on this point.

¶ 24 Finally, plaintiff contends that the trial court relied on distinguishable case law or otherwise failed to consider the remaining factors. However, the trial court's written order cited cases primarily to illustrate that the delay was excessive, and then the court specifically addressed each factor. The order makes clear that the trial court carefully considered the facts of the case and appropriately applied the law.

¶ 25 Plaintiff also argues that the trial court's application of the remaining factors was an abuse of discretion. But the record does not support that argument. Once plaintiff became aware that she had failed to serve defendant, she could locate defendant. There was no evidence that defendant was difficult to find or was evading service. To the contrary, defendant's counsel specifically noted on two occasions that defendant had not been served—first when stating that counsel would appear for defendant once service was made, and again when it noted that multiple defendants had not yet been served. Yet plaintiff still delayed in effecting service. It is undisputed that defendant had actual knowledge of the events giving rise to the lawsuit and was ultimately served. Those facts alone fail to justify the delay given plaintiff's overall lack of diligence in eventually obtaining that service. See *Long v. Elborno*, 376 Ill. App. 3d 970, 981 (2007); *Kole*, 325 Ill. App. 3d at 952. Accordingly, the trial court did not abuse its discretion when it granted defendant's motion to dismiss.

¶ 26                                  III. CONCLUSION

¶ 27 The trial court did not abuse its discretion when it granted defendant's motion to dismiss. Accordingly, the judgment of the circuit court of McHenry County is affirmed.

¶ 28 Affirmed.