2020 IL App (1st) 181457-U

No. 1-18-1457

Order filed June 19, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTINA GIUNTA, as Executor for the Estate of ROMEO FUGGITI, Deceased, | ) ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) ) | Cook County. |
| v. | ) ) | No. 17 L 004900 |
| | ) | |
| HERITAGE WOODS OF BOLINGBROOK, and GARDANT MANAGEMENT SOLUTIONS, INC., | ) ) ) | Honorable Christopher E. Lawler, Judge, Presiding. |
| Defendants-Appellees. | | |

_____

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's order granting defendants' Illinois Supreme Court Rule 103(b) (Ill. S. Ct. R. 103(b)) motion to dismiss because plaintiff failed to exercise reasonable diligence in effectuating service.

¶ 2    Plaintiff Christina Giunta appeals from an order of the circuit court granting defendants',

Heritage Woods of Bolingbrook (Heritage Woods) and Gardant Management Solutions, Inc.

(Gardant), motion to dismiss pursuant to Illinois Supreme Court Rule 103(b). Ill. S. Ct. R. 103(b).

For the reasons that follow, we affirm the order of the circuit court.

¶ 3                                    BACKGROUND

¶ 4    On May 15, 2017, plaintiff, as executor for the estate of her deceased father, Romeo Fuggiti, filed a two-count negligence complaint for personal injury and wrongful death against defendants, alleging that her father was neglected during his residency at the Heritage Woods facility, owned by Gardant, which caused his death. Plaintiff's father died on May 13, 2015. Plaintiff retained attorney Jeffrey Schlapp to represent the estate and file suit against defendants.

¶ 5    Approximately four and half months after the complaint was filed, on October 3, 2017, Judge Moira Johnson dismissed plaintiff's case for want of prosecution. On October 4, 2017, attorney Schlapp filed a motion to vacate the dismissal and reinstate the case, attaching a notice and a certificate of service which listed the names of defendants and was addressed to the registered agent for Gardant.

¶ 6    On October 19, 2017, Judge Johnson vacated the dismissal and reinstated the case, and continued the matter for status on December 5, 2017. On November 22, 2017, attorney Schlapp was disbarred based on his conduct unrelated to this matter.

¶ 7    On December 5, 2017, an attorney appeared in court on plaintiff's behalf as a "friend of the court," and plaintiff was granted leave to hire new counsel. On January 4, 2017, plaintiff's new counsel entered an appearance, and on January 5, 2018, approximately eight months after her case was filed, plaintiff issued alias summonses to Gardant and Heritage Woods served on January 8 and 10, 2018, respectively.

¶ 8    After defendants filed their appearances, on February 7, 2018, Gardant moved for a substitution of judge and plaintiff's case was reassigned to Judge Christopher Lawler. That same day, Gardant filed a motion to dismiss plaintiff's complaint for lack of diligence pursuant to Supreme Court Rule 103(b) (Ill. S. Ct. R. 103(b)), and Heritage Woods joined in Gardant's motion.

¶ 9       On March 4, 2018, plaintiff filed her response to defendants' motion to dismiss and attached her affidavit. In her affidavit, plaintiff averred that after she retained attorney Schlapp, she contacted him in February and April of 2017, and inquired about the progress of the case since she knew the statute of limitations would run on or about May 13, 2017. Attorney Schlapp informed her that she had plenty of time to file her complaint. She contacted him again in June 2017, and attorney Schlapp informed her that the complaint had been filed and the case was scheduled for case management on July 12, 2017.

¶ 10      Plaintiff further averred that in early September 2017, she contacted the clerk of the Cook County Circuit Court to request a copy of the complaint, and she learned that the next case management was scheduled for October 3, 2017. On October 4, 2017, plaintiff went to the clerk's office and was advised that the case had been dismissed for want of prosecution. A friend advised her to contact her attorney and request that he file a motion to vacate the dismissal as soon as possible. Attorney Schlapp filed the motion to vacate, which was granted.

¶ 11      Plaintiff also averred that on November 22, 2017, she learned that attorney Schlapp had been disbarred, and further stated that: "[a]t no time was I ever told, nor did I know, until after I found out that Mr. Schlapp had been disbarred, that summons had not been issued." Plaintiff averred that on December 5, 2017, another attorney appeared in court on her behalf to explain what had transpired with attorney Schlapp, and the circuit court entered an order granting her until January 23, 2018, to retain new counsel and have summons issued to the defendants. Plaintiff averred that attorney Schlapp did not keep her informed about the progress of her case, informed her that she did not need to appear for court dates, and assured her that everything was "ok" and she relied upon him.

¶ 12 Plaintiff also averred that defendants were in possession of all of her father's original records and charts, and "at all times, the [d]efendants had been aware of the basis for the lawsuit since there was a [s]tate investigation which found, among other things, that Heritage Woods of Bolingbrook 'posed an immediate jeopardy to the health and safety of residents.' Defendants had actual notice of the potential of the lawsuit."

¶ 13 On June 14, 2018, the circuit court entered an order granting defendants' motion to dismiss plaintiff's case pursuant to Rule 103(b) with prejudice. In its written order, the circuit court reasoned that, "Giunta first served Defendants on January 8 and 10, 2018—almost eight months after she filed her complaint. On this record, Defendants have made a *prima facie* case of lack of reasonable diligence and Giunta bears the burden to demonstrate that her lack of diligence was justified." The court noted that plaintiff had attached an affidavit to her response, but further reasoned that, "the standard for determining reasonable diligence is not a plaintiffs subjective intent and instead turns on whether the plaintiff acted objectively reasonable.," citing *Segal v. Sacco*, 136 Ill. 2d 282, 295 (1990) in support. The court further reasoned that "[l]itigants are also bound by the mistakes and negligence of their attorney," citing *Giles v. Parks*, 2018 IL App (1st) 163152. The circuit court concluded that:

> "Giunta's affidavit fails to show that any of the Segal factors weigh against dismissal. As noted, she served Defendants almost eight months after the expiration of the applicable limitations period. A time period exceeding seven months between the filing of the complaint and service of the complaint and summons supports a finding of a lack of reasonable diligence. *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (1st Dist. 2007). There is no evidence that Giunta previously sought to obtain service, and Defendants locations were matters of public record. There is also no evidence that either defendant knew of the pending action and like the plaintiff in *Long*, Giunta 'fails to present any authority to support her argument that inadvertent delay in effectuating service by her attorney or her attorney's support staff is a special circumstance sufficient to outweigh the other factors.' Id. at 982. The previous dismissal of this case on October 3, 2017 for want of prosecution, however, is a circumstance that further establishes Giunta's lack of reasonable diligence. *Id*. Viewing the totality of the circumstances, dismissal under Rule 103(b) is thus warranted

and the rule dictates that Plaintiffs complaint 'shall' be dismissed with prejudice because service on Defendant took place beyond the limitations period."

¶ 14    Plaintiff filed her timely notice of appeal on July 10, 2018.[1]

¶ 15                                   DISCUSSION

¶ 16    Plaintiff raises the following issue on appeal: whether the circuit court erred in granting defendants' motion to dismiss pursuant to Rule 103(b) based upon plaintiff's failure to exercise reasonable diligence to obtain service on defendants.

¶ 17    As an initial matter, plaintiff contends that we review the matter *de novo*. She contends that the abuse of discretion standard of review can only be applied if the circuit court followed Rule 103(b) criteria for dismissals, and because the circuit court did not properly apply Rule 103(b), the standard of review should be *de novo* as our review requires interpretation of the rule. We disagree.

¶ 18    While it is generally true that the *de novo* standard of review applies to issues involving the interpretation of statutes and the application of these interpreted statutes to undisputed facts (*Central Illinois Light Co. v. Illinois Department of Revenue*, 335 Ill. App. 3d 412, 415 (2002)), Illinois courts have consistently applied the abuse of discretion standard to review Rule 103(b) dismissals. *Segal*, 136 Ill. 2d at 286; see also *Womick v. Jackson County Nursing Home,* 137 Ill. 2d 371, 381 (1990) (a dismissal under Rule 103(b) is within the sound discretion of the trial court); *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶¶ 13-14 (noting "[c]ases subsequent to *Lewis* have also applied an abuse of discretion standard to review Rule 103(b) dismissals," and, even though the trial court made conclusions of law, refused to apply the *de novo* standard of review); *Lewis v. Dillon*, 352 Ill. App. 3d 512, 515 (2004) (applying the abuse of discretion standard of

---

[1] This case was assigned to the authoring justice's inventory of cases on July 1, 2019, and fully briefed on July 25, 2019. The authoring justice first circulated a proposed disposition to Justice Hoffman and Justice Rochford on June 11, 2020.

review to a Rule 103(b) dismissal despite finding the trial court "made certain legal conclusions" and the plaintiff's argument that the *de novo* standard of review applied to a case "solely [about] the application of law to undisputed facts"). Our supreme court has clearly indicated that for cases involving the application of Rule 103(b), the trial court's determination of a plaintiff's lack of diligence is a fact-intensive inquiry suited to balancing, not bright lines. *Lewis*, 352 Ill. App. 3d at 515 (citing *Womick,* 137 Ill. 2d 371). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 19    Here, the construction of the rule's language is not at issue and to any extent construction is required, the plain meaning is clear in that the rule unambiguously requires parties "to exercise reasonable diligence" in serving opposing parties. Rule 103(b) (Ill. S. Ct. R. 103(b) (eff. July 1, 2007)). The circuit court reviewed and considered plaintiff's affidavit and considered and weighed the due diligence factors enumerated in *Segal*. We therefore decline plaintiff's invitation to apply a *de novo* standard of review to the instant case and review its ruling under an abuse of discretion standard. *Lewis*, 352 Ill. App. 3d at 515 (citing *Kole v. Brubaker,* 325 Ill. App. 3d 944, 949 (2001)).

¶ 20    Turning to the merits of this appeal, Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant, and failure to do so requires a dismissal of plaintiff's claim. *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 352 (1997). Rule 103(b) provides:

> (b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any defendant party or on the

court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13–217 of the Code of Civil Procedure. Ill. S. Ct. R. 103(b).

¶ 21    "The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Segal*, 136 Ill. 2d at 286.

¶ 22    A defendant seeking dismissal pursuant to Rule 103(b) must first establish a *prima facie* showing of a lack of reasonable diligence in effectuating service. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17; *Kole*, 325 Ill. App. 3d at 949. Once a *prima facie* showing is established, the burden of proof shifts to the plaintiff "to demonstrate, by way of affidavit or other competent evidentiary materials, that reasonable diligence was exercised and that any delays in effecting service were justified." *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 21 (citing *Kole*, 325 Ill. App. 3d at 949-50); *Emrikson*, 2012 IL App (1st) 111687, ¶ 17.

¶ 23    A number of Illinois cases have determined that a shorter period of time than transpired in this case, specifically five and seven months, established a *prima facie* showing of a lack of due diligence. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 19 (a time period of even five months between the filing of a complaint and subsequent service is sufficient to establish a *prima facie* showing of failure to diligently effect service); *Verploegh v. Gagliano,* 396 Ill. App. 3d 1041, 1045 (2009) (a time period of five months between the filing of a complaint and subsequent service is sufficient to establish a *prima facie* showing of failure to diligently effect service); *Long v. Elborno,* 376 Ill. App. 3d 970, 980 (2007) (seven months between filing and service supports a finding of lack of reasonable diligence); *Lewis*, 352 Ill. App. 3d at 515 (plaintiff failed it issue summons or effectuate service within a five-month period). In this case, we agree with the circuit

court that a period of eight months was sufficient to establish a *prima facie* showing of failure to diligently effect service and shifted the burden to plaintiff to establish that she acted with reasonable diligence to serve defendants or provide a satisfactory explanation for the delay in service. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17 (citing *Kole*, 325 Ill. App. 3d at 949).

¶ 24    A dismissal under Rule 103(b) is based on the objective test of reasonable diligence; a plaintiff's subjective intent is immaterial. *Emrikson*, 2012 IL App (1st) 111687, ¶ 20; *Christian v. Lincoln Automotive Co.,* 403 Ill. App. 3d 1038, 1042 (2010); *Lewis*, 352 Ill App 3d at 518; *Parker v. Universal Packaging Corp.*, 200 Ill. App. 3d 882, 886 (1990).

¶ 25    Our supreme court has identified the following factors a court must consider when determining whether to grant a Rule 103(b) motion, which include, but are not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. *Womick*, 137 Ill. 2d at 377 (citing *Segal*, 136 Ill. 2d at 287). Courts have determined that if a plaintiff waits until close to the expiration of the limitations period to file suit, a lengthy delay in service nullifies the protection against stale claims the statute of limitations is designed to afford. *Mular*, 2015 IL App (1st) 142439, ¶ 27 (citing *Polites v. U.S. Bank National Association,* 361 Ill. App. 3d 76, 86 (2005)). Thus, a delay in service in a case filed well in advance of the expiration of the statute of limitations may be excused while the same delay in a suit filed close to its expiration may not. *Mular*, 2015 IL App (1st) 142439, ¶ 27.

¶ 26    The first factor in determining the exercise of reasonable diligence – the length of time used to obtain service of process – weighs in defendants' favor. Plaintiff contends that Rule 103(b)

does not prescribe an exact amount of time for effecting service on a defendant and that an eight-month lapse in time between the filing of her complaint and the service of summons "has no bearing in and of itself." In her response to defendants' Rule 103(b) motion, she also contended that the eight-month period of time between the filing of her complaint and service on the defendants, "is not, per se, unreasonable. There are numerous cases in which service is far greater than that amount of time."

¶ 27    Although plaintiff is correct that there are cases in which there was a longer lapse in time between the date a complaint was filed and the date service was effectuated, the trial court's determination of a plaintiff's lack of diligence is a fact-intensive inquiry suited to balancing, not bright lines. *Lewis*, 352 Ill. App. 3d at 515 (citing *Womick,* 137 Ill. 2d 371). The circuit court weighed all the factors and determined that the length of time used to obtain service, in this case, showed a lack of reasonable diligence. In addition, as stated previously, there are also a number of cases involving lesser time in which a Rule 103(b) motion to dismiss was granted. The determination of due diligence pursuant to Rule 103(b) is fact intensive and all factors are important.

¶ 28    The record reflects that the decedent died on May 13, 2015; plaintiff's complaint was filed on May 15, 2017; the case was dismissed on October 4, 2017, for want of prosecution and reinstated on October 19, 2017; and defendants were served on January 8 and 10, 2018. Not only were defendants served approximately eight months after the complaint was initially filed, but the statute of limitations had also expired eight months prior. As noted earlier, a dismissal pursuant to Rule 103(b) has been upheld where it took five or seven months to effectuate service on the defendant after the statute of limitations had expired. *Emrikson*, 2012 IL App (1st) 111687, ¶ 19; *Verploegh,* 396 Ill. App. 3d at 1045; *Long,* 376 Ill. App. 3d at 980; *Lewis*, 352 Ill. App. 3d at 515.

¶ 29    In addition, plaintiff waited until the day that the limitations period was set to expire to file suit. As previously noted, this court has held that a delay in service in a case filed well in advance of the expiration of the statute of limitations may be excused where the same delay in a suit filed close to its expiration may not. See *Mular*, 2015 IL App (1st) 142439, ¶ 27. Therefore, this factor weighs in favor of the defendants.

¶ 30    The second factor to consider is the activities of plaintiff. Plaintiff identifies affirmative actions she took to follow her case, which included following up on the status of her case; contacting the clerk's office to get a copy of the complaint; going to the clerk's office; requesting that her attorney file a motion to vacate the dismissal for want of prosecution and checking the court docket to ensure that it had, in fact, been filed; requesting that another attorney appear on her behalf when she learned attorney Schlapp had been disbarred; and retaining new counsel who subsequently issued summons and served the defendants. While plaintiff may have been diligent in determining the status of her case, dismissal pursuant to Rule 103(b) turns on reasonable diligence related to service of summons. It is plaintiff's nondelegable duty to ensure service of summons is effectuated. *Smith v. Menold Construction., Inc.*, 348 Ill. App. 3d 1051, 1056 (2004); *Kole*, 325 Ill. App. 3d at 953. Thus, the second factor weighs in favor of defendants.

¶ 31    The third and fourth factors are plaintiff's knowledge of defendant's location and the ease with which defendant's whereabouts could have been ascertained. Plaintiff contends on appeal that these factors "are irrelevant to this inquiry because of special circumstances." Her contention is incorrect. All relevant factors should be weighed to determine reasonable diligence. *Lewis*, 352 Ill. App. 3d at 515 (citing *Womick*, 137 Ill. 2d 371). Further, the record reflects that the defendants were served less than a week after alias summonses were issued which indicates that defendants' locations and whereabouts were easily ascertainable. See *Mular*, 2015 IL App (1st) 142439, ¶ 25

(that defendant was easy to locate is also demonstrated by the fact that she was served on the same day the third alias summons was issued); *Womick,* 137 Ill. 2d at 381 ("the fact that service was effectuated in only one day reflects the ease with which service of summons could have been had"). Thus, these factors weigh in favor of defendants.

¶ 32    The fifth factor is defendants' actual knowledge of the pendency of the action as a result of ineffective service. Plaintiff contends that defendants and their agent would have known about the lawsuit after October 4, 2017, because attorney Schlapp mailed the notice, motion to reinstate, and certificate of service to the registered agent, which was well within reasonable time standards.

¶ 33    First, there is nothing in the record indicating that defendants were ever served with plaintiff's complaint before it was dismissed in October 2017, and as noted previously, there is caselaw that supports a determination that even a five-month lapse in time weighs against plaintiff's due diligence. Further, although the notice of plaintiff's motion to vacate the dismissal and reinstate her case was addressed to Gardant's registered agent, there is no evidence that notice was ever sent to Heritage Woods. As such, although it is arguably true that Gardant may have had actual knowledge in early October 2017, there is nothing in the record that indicates that Heritage Woods had any knowledge of the lawsuit prior to being served in January 2018. Furthermore, whether five months or eight months, as we stated earlier, a delay in service in a case filed well in advance of the expiration of the statute of limitations may be excused where the same delay in a suit filed close to its expiration may not. See *Mular*, 2015 IL App (1st) 142439, ¶ 27.

¶ 34    Here, plaintiff's complaint was arguably filed on the last day before the statute of limitations expired, which makes service of process within the expiration of the limitations period impossible. Finally, actual knowledge is but one factor, and standing alone, does not prevent a dismissal under Rule 103(b) when, considering all the other factors, the trial court finds plaintiff

did not exercise due diligence in effecting service. *Marks v. Rueben H. Donnelly, Inc.*, 260 Ill. App. 3d 1042, 1048 (1994); see also *Long*, 376 Ill. App. 3d at 981 (even if hospital had notice of the pending action prior to being served, this fact alone fails to overcome plaintiff's seven-month delay in effectuating service).

¶ 35    The sixth factor for determining whether there has been reasonable diligence to effectuate service is the existence of any special circumstances affecting plaintiff's efforts. The weight to be given to a "special circumstance" in relation to the other six *Segal* factors which must be considered depends upon the particular facts in each case. *Long*, 376 Ill. App. 3d at 982 (citing *Marks,* 260 Ill. App. 3d at 1049). On appeal, plaintiff contends that her delay in effectuating service was justified because her former attorney, attorney Schlapp, continually engaged in fraudulent concealment throughout her case including failing to inform her and the court that summons had not been issued and that defendants had not been served. She argues that the court's reliance upon *Giles* for the proposition that litigants are bound by the mistakes and negligence of their attorney, is not necessarily true, and that her situation should be judged by the principles of justice and fairness.

¶ 36    Plaintiff relies upon cases that have applied a more lenient due diligence standard under section 2-1401 (735 ILCS 5/2-1401 (West 2014), which has been previously rejected by this court in *Marks*, 260 Ill. App. 3d at 1048. However, the *Marks* court declined to extend a more lenient standard of section 2-1401 to cases that were dismissed under Rule 103(b). *Marks,* 260 Ill. App. 3d at 1048. In *Marks*, we distinguished the facts in *Cohen v. Wood Brothers Steel Stamping Co.*, 227 Ill. App. 3d 354 (1991), which noted the existence of two lines of cases under section 2–1401; one favoring application of a strict due diligence standard, and the other favoring a more relaxed standard in the interests of justice and fairness. *Marks*, 260 Ill. App. 3d at 1053. Rejecting

plaintiff's argument for a more relaxed approach to analyzing due diligence under Rule 103(b) in the interest of fairness, the *Marks* court reasoned that "[t]he conclusion reached in the *Cohen* case does not extend by analogy or otherwise to the interpretation of the reasonable diligence standard under Rule 103(b) in the present case. We have discerned no divergence in the Rule 103(b) cases such as the two lines of cases on section 2–1401 petitions." *Marks*, 260 Ill. App. 3d at 1053.

¶ 37    Even if we were to draw an analogy between Rule 103(b) and section 2-1401 cases, we find the reasoning in *Marks* compelling because most recently, this court held that "the equitable considerations upon which this court based its decisions in *Cohen* and *Coleman* are no longer relevant in resolving a section 2–1401 petition and those cases have been overruled by [*People v.*] *Vincent* [226 Ill. 2d 1 (2007)] to the extent this court held that a relaxation of the due diligence standard is appropriate where petitioner's counsel has engaged in unanticipated and inexplicable misconduct." *R.M. Lucas Co. v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102955, ¶ 24 (this court declined to relax the due diligence standard or depart from the general rule that a party is bound by the mistakes and negligence of its counsel).

¶ 38    In this case, it is unfortunate that plaintiff's counsel contributed to the delay in effectuating service on defendants. Although plaintiff contends that attorney Schlapp acted fraudulently, the record supports the conclusion that he was negligent at best. As such, we will not depart from this court's determination that, generally, a litigant is bound by the mistakes or negligence of their counsel. *Giles*, 2018 IL App (1st) 163152, ¶ 20; *KNM Holdings, Inc. v. James*, 2016 IL App (1st) 143008, ¶ 22; *Long*, 376 Ill. App. 3d at 982; *Ameritech Publishing of Illinois, Inc. v. Hadyeh,* 362 Ill. App. 3d 56, 60 (2005). Furthermore, the record reflects that the court considered and rejected plaintiff's argument related to the actions of her former attorney and reasoned that she "fail[ed] to present any authority to support her argument that inadvertent delay in effectuating service by her

attorney or her attorney's support staff is a special circumstance sufficient to outweigh the other factors." Therefore, we find that this factor weighs against plaintiff.

¶ 39    The seventh factor is actual service on defendants. Although defendants were served, they were served eight months after the statute of limitations expired, which does not weigh in plaintiff's favor. *Mular*, 2015 IL App (1st) 142439, ¶ 27.

¶ 40    Overall, the *Segal* factors weighed in favor of granting defendants' motion to dismiss pursuant to Rule 103(b). We conclude therefore that the trial court did not abuse its discretion in granting defendant's motion to dismiss the action.

¶ 41                                      CONCLUSION

¶ 42    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 43    Affirmed.