# Illinois Official Reports

## Appellate Court

---

### *Mular v. Ingram*, 2015 IL App (1st) 142439

---

| | |
|---|---|
| Appellate Court Caption | GERALDINE MULAR, Plaintiff-Appellant, v. DAWN INGRAM, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-14-2439 |
| Filed | May 20, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-7928; the Hon. John H. Ehrlich, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Law Office of George C. Xamplas, of Chicago (George C. Xamplas, of counsel), for appellant.<br><br>Hunt Law Group, LLC, of Chicago (Brian J. Hunt and Courtney E. Healey, of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff-appellant Geraldine Mular appeals the dismissal of her personal injury complaint against defendant-appellee Dawn Ingram arising out of injuries Mular sustained while she was a guest at Ingram's home. The trial court dismissed the complaint based on its finding that Mular failed to exercise reasonable diligence in effecting service on Ingram after the complaint was filed. Because the statute of limitations applicable to Mular's personal injury claim had expired, the complaint was dismissed with prejudice. The trial court further denied Mular leave to amend her complaint to assert a claim for construction negligence to which a longer statute of limitations applies. Finding no abuse of discretion in either ruling, we affirm.

¶ 2                                              BACKGROUND

¶ 3        On July 16, 2012, Mular filed a complaint to recover damages for injuries she sustained while a guest at Ingram's home on July 18, 2010. Mular fell in a backyard pool area at the home and claimed that, as owner of the home, Ingram owed Mular a duty to maintain her property in a safe condition, which Ingram breached by (i) failing to provide a safe means of ingress and egress to the area, (ii) failing to keep the area free of tripping hazards, (iii) allowing the area around the pool to become unsafe due to uneven surfaces and poorly maintained concrete and concrete expansion joints, (iv) failing to inspect the area for hazardous conditions, and (v) failing to warn others of such conditions. Mular's complaint did not allege that Ingram constructed the pool or was involved in its design, but it did allege that Ingram "failed to maintain the area around the premises' pool maintained and properly constructed [*sic*]."

¶ 4        The complaint correctly listed the address of Ingram's home as 1694 Van Buren Avenue, Des Plaines, Illinois. A summons dated July 16, 2012, was issued, incorrectly listing Ingram's address as "1649" Van Buren Avenue, but the clerk's docket does not reflect that this summons was ever placed with the sheriff for service. Six weeks later, on August 29, 2012, Mular caused an alias summons to be issued. The alias summons again transposed Ingram's address as "1649" Van Buren. Service was attempted at 1649 Van Buren on September 1, 2012. The sheriff's affidavit of nonservice, filed with the circuit court on September 10, 2012, lists the reason for nonservice as "No Such Address" and contains a handwritten note that "after 1641, next address is 1653."

¶ 5        Mular did nothing for the next six months. On March 8, 2013, she caused a second alias summons to be issued to the same, nonexistent address. On March 21, 2013, this summons was again returned not served with the reason checked as "No Such Address." Mular's complaint was dismissed for want of prosecution on April 12, 2013, when her attorney failed to appear in court for a case management conference. On counsel's motion, the case was reinstated on May 22, 2013. Counsel also requested appointment of a special process server, which was granted the same day.

¶ 6        Despite the appointment of a special process server, Mular waited another seven weeks before issuing another summons. The third alias summons, dated July 9, 2013, listed Ingram's correct address and was served on Ingram that same day.

¶ 7        On August 15, 2013, Ingram filed a motion to dismiss under Illinois Supreme Court Rule 103(b), which provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice ***." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

Ingram argued that Mular's delay in serving her from July 16, 2012, to July 9, 2013, constituted a failure to exercise reasonable diligence under the rule, pointing particularly to the six-month delay between the return of the first alias summons in September and issuance of the second alias summons in March. The motion to dismiss was supported by Ingram's affidavit in which she attested that she has lived at 1694 Van Buren Avenue continuously since 1990 and that she first learned of the suit on May 24, 2013, when she received a copy of Mular's motion to vacate the dismissal for want of prosecution.

¶ 8        In response to the motion, Mular supplied the affidavit of her attorney, who claimed he did not receive a copy of the sheriff's return reflecting nonservice of the first alias summons and was simply waiting "an appropriate amount of time" after issuance of the summons to check on service. No other excuse for the delay was offered. Mular also argued that Ingram was not prejudiced by any delay. Finally, in a single sentence without citation to the complaint, Mular contended that the statute of limitations on her claim would not run "until arguably July 18, 2014" given that the claim involved "construction and improvements to" Ingram's property. Mular cited the four-year statute of limitations applicable to construction negligence claims under section 13-214 of the Illinois Code of Civil Procedure (735 ILCS 5/13-214 (West 2010)).

¶ 9        On March 6, 2014, the trial court granted Ingram's motion to dismiss. In his oral ruling, the trial judge discussed the factors relevant to dismissal under Rule 103(b) and after enumerating the periods of delay between the filing of the lawsuit and service on Ingram, concluded that the "excuses and explanations" provided by Mular were insufficient to overcome her lack of reasonable diligence in effecting service. Given the expiration of the two-year limitations period applicable to personal injury claims, the court indicated that the complaint would be dismissed with prejudice.

¶ 10       After the court's oral ruling, Mular's counsel inquired whether the court had considered the argument regarding the four-year statute of limitations applicable to construction negligence claims. After the court indicated that the argument was not clear, Mular's counsel stated he would like the opportunity to amend. The court instead directed the parties to file supplemental briefs focusing only on whether the dismissal should be with or without prejudice and postponed entry of the order pending review of the submissions.

¶ 11       Mular filed her brief addressing the issue on March 31, 2014, in which she argued that her complaint included allegations that Ingram was involved in the construction of the pool and that the pool was an improvement to real property, thus triggering application of the four-year statute of limitations for construction negligence claims. Ingram's response contended that the complaint, other than its passing reference to Ingram's failure to maintain the pool "properly constructed," did not allege facts supporting the inference that she was in any way involved in the design, planning, management, observation or supervision of the

pool's construction and, thus, the four-year statute of limitations did not apply. Finding that Mular's complaint did not allege facts demonstrating Ingram's involvement in the construction of the pool or an improvement to real property and that the case "was a trip and fall like any other trip and fall," the trial court granted the dismissal with prejudice in an order dated May 20, 2014.

¶ 12    On June 19, 2014, Mular filed a motion to vacate the May 20 order and for leave to file an amended complaint asserting a construction negligence claim. On July 11, 2014, the trial court denied the motion and Mular timely appealed.

¶ 13                                  ANALYSIS

¶ 14    We first address the statute of limitations applicable to the claim asserted in Mular's complaint. This issue presents a question of law, which we review *de novo*. *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008); *United Airlines, Inc. v. City of Chicago*, 2011 IL App (1st) 102299, ¶ 5.

¶ 15    On appeal, Mular contends that the trial court erred in refusing to apply the four-year statute of limitations applicable to construction negligence claims, which would have then resulted in the dismissal of her complaint without prejudice as the four-year period had not expired before Ingram was served. As noted above, the limitations period for claims arising from construction negligence is governed by section 13-214(a) of the Code of Civil Procedure, which provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214(a) (West 2010).

The types of claims to which this provision applies are specific and limited to construction activities related to design, planning, supervision, observation or management of a construction project. See *Eskew v. Burlington Northern & Santa Fe Ry. Co.*, 2011 IL App (1st) 093450, ¶ 56.

¶ 16    When a plaintiff's cause of action is premised on the defendant's status as a landowner and not on "an act or omission of such person in the design, planning, supervision, observation or management of construction," section 13-214 does not apply. 735 ILCS 5/13-214(a) (West 2010); see *Water Tower Realty Co. v. Fordham 25 E. Superior, L.L.C.*, 404 Ill. App. 3d 658, 664-65 (2010); *Lombard Co. v. Chicago Housing Authority*, 221 Ill. App. 3d 730, 735 (1991) ("[S]ection 13-214 is not applicable to a landowner unless that landowner actually engaged in the professional planning, supervision or management of a construction project or the construction of an improvement to the property."); *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261 (1986) (noting that the legislative history of the statute supported the conclusion that it was intended to "protect[ ], on its face, anyone who engages in the enumerated *activities*" (emphasis in original)); *C.S. Johnson Co. v. Champaign National Bank*, 126 Ill. App. 3d 508, 510-11 (1984) (legislative history shows that section 13-214 was intended to apply to architects, contractors and engineers rather than landowners). A landowner's maintenance of an existing improvement to real property–absent an allegation that the landowner participated in the construction of that improvement–does

not fall within the purview of section 13-214. *Bailey v. Allstate Development Corp.*, 316 Ill. App. 3d 949, 960 (2000).

¶ 17     Ingram's motion to dismiss required the trial court to examine the facts alleged in Mular's complaint to determine whether the acts or omissions attributed to Ingram fall within the ambit of section 13-214. *Lombard*, 221 Ill. App. 3d at 735; *C.S. Johnson*, 126 Ill. App. 3d at 510 ("[I]t cannot be presumed that landowners always participate in the design, planning, supervision, observation or management of construction on their property.").

¶ 18     The sole reference to "construction" found in Mular's single-count complaint alleges that Ingram was guilty of negligence because she "[c]arelessly and negligently failed to maintain the area around the premises' pool maintained and properly constructed [*sic*]." No allegations of fact in the complaint support the inference that Ingram was involved in the "design, planning, supervision, observation or management of construction" of the pool or any other improvement to the property she owned. Mular's proposed amended complaint was likewise devoid of any well-pled facts other than conclusory allegations that Ingram was under a duty "to design and construct" improvements to her property to be safe for persons entering the property and "failed to design and construct" (i) a safe means of ingress and egress to the property and (ii) the area around the pool to be free of "tripping hazards." Mular's counsel certainly understood that he was pursuing a premises liability claim since he checked that box on the civil action cover sheet and did not also check the box indicating that the case involved a construction negligence claim. Thus, fairly read, Mular's complaint asserts a premises liability claim against a property owner governed by the two-year statute of limitations and the trial court properly so ruled.

¶ 19     Our conclusion that a two-year statute of limitations applies to the claim asserted in Mular's complaint means that service on Ingram on July 9, 2013, for injuries sustained by Mular on July 18, 2010, was beyond the limitations period. Under these circumstances, unless Mular exercised reasonable diligence in her efforts to serve Ingram, Rule 103(b) dictates that her complaint "shall" be dismissed with prejudice.

¶ 20     The purpose of Rule 103(b)'s requirement that a plaintiff exercise reasonable diligence in obtaining service on a defendant is

> "to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations, which is designed to afford the defendant a fair opportunity of investigation, by filing suit before the expiration of the limitations period but taking no action to have the defendant[ ] served until the plaintiff is ready to proceed with the litigation." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001).

The rule does not dictate a specific time within which a defendant must be served and trial courts are vested with broad discretion in determining whether a plaintiff has exercised reasonable diligence. *Segal v. Sacco*, 136 Ill. 2d 282, 285-86 (1990). Given the substantial discretion vested in the trial court under Rule 103(b), we review the dismissal of a complaint with prejudice for failure to exercise reasonable diligence in obtaining service to determine whether that discretion was abused. *Kole*, 325 Ill. App. 3d at 949.

¶ 21     Once the defendant has made a *prima facie* showing of a lack of reasonable diligence, the burden shifts to the plaintiff to demonstrate, by way of affidavit or other competent evidentiary materials, that reasonable diligence was exercised and that any delays in effecting service were justified. *Id.* at 949-50. The standard under the rule is objective and the fact that

the delay in effecting service may not have been intentional is not determinative. *Kreykes Electric, Inc. v. Malk & Harris*, 297 Ill. App. 3d 936, 940 (1998) ("Rule 103(b) is not rooted in a subjective test of the plaintiff's intent but, rather, upon an objective evaluation of reasonable diligence in obtaining service of process."); *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129 (1986). Further, defendant need not demonstrate prejudice resulting from the delay in service in order to obtain dismissal under the rule; rather, the existence of prejudice is an "appropriate consideration," but the lack of prejudice will not defeat dismissal where reasonable diligence has not been shown. *Kole*, 325 Ill. App. 3d at 952.

¶ 22 On this record, Ingram made out a *prima facie* case of a lack of reasonable diligence. Nearly one year elapsed between the date Mular's lawsuit was filed and the date Ingram was served. This was sufficient to shift to Mular the burden of establishing that she acted with reasonable diligence. See *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 19 (delay of five months between filing and service is sufficient to shift the burden).

¶ 23 Courts consider a number of factors in determining whether a plaintiff has exercised reasonable diligence in effecting service, including (i) the length of time it took to serve defendant; (ii) plaintiff's efforts to effect service; (iii) whether plaintiff knew where defendant could be served; (iv) whether information regarding defendant's whereabouts could have been easily obtained; (v) whether defendant was actually aware of the lawsuit; (vi) any special circumstances bearing on the reasonableness of plaintiff's efforts; and (vii) actual service on defendant. *Segal*, 136 Ill. 2d at 287; *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007); *Kole*, 325 Ill. App. 3d at 950.

¶ 24 The length of time elapsed between the filing of the complaint and service, standing alone, has no " 'talismanic effect' " given that each case must be decided on its own facts. *Dupon v. Kaplan*, 163 Ill. App. 3d 451, 455-56 (1987) (quoting *Licka v. William A. Sales, Ltd.*, 70 Ill. App. 3d 929, 938 (1979)). Although periods during which a lawsuit is *voluntarily* dismissed by the plaintiff are not included in calculating the length of the delay in service (*Case*, 227 Ill. 2d at 219), we believe the time during which a lawsuit is *involuntarily* dismissed for want of prosecution where the suit is later reinstated should be included as such dismissals are relevant to a plaintiff's claimed exercise of reasonable diligence. While it is not possible to serve a defendant during any period in which the suit is not pending, whether because of a voluntary or involuntary dismissal, the fact that a portion of the period of delay is due to plaintiff's inattention to the lawsuit is relevant to an assessment of the totality of the circumstances under Rule 103(b). Any other result would reward the dilatory plaintiff who allows the lawsuit to be dismissed for want of prosecution when service has not been obtained, but, after reinstatement, is allowed to exclude that period in determining whether she has exercised reasonable diligence. Thus, we consider the effect of Mular's nearly one-year delay in serving Ingram, which includes the period of slightly over five weeks when the case was dismissed for want of prosecution.

¶ 25 Turning to the relevant factors, Mular was undoubtedly aware of Ingram's correct address because it was included in her complaint. That Ingram was easy to locate is also demonstrated by the fact that she was served on the same day the third alias summons was issued. See *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 381 (1990) ("the fact that service was effectuated in only one day reflects the ease with which service of summons could have been had"). And we accept at face value the assertion that the transposition of the

numbers of Ingram's address on the initial summons (which was never, in fact, placed with the sheriff for service) and the first and second alias summonses was inadvertent.

¶ 26    But, as noted, the fact that counsel did not deliberately delay obtaining service is not determinative. Here the factors that weigh heavily against Mular are the length of time it took to serve Ingram as well as the adequacy of the efforts made to effect service. The only explanation offered by Mular's counsel for the six-month gap between issuance of the first and second alias summons was that he did not receive the return reflecting nonservice and was waiting "an appropriate amount of time" after issuance of the first alias summons to check on service. But, as Ingram points out, the summons on its face indicates that it may not be served more than 30 days after its date–August 29, 2012. Ill. S. Ct. R. 102(b). Thus, by October 2012, Mular's counsel should have checked on the status of service whether or not he received the sheriff's affidavit of nonservice. See *Penrod*, 150 Ill. App. 3d at 129 (plaintiff did not exercise reasonable diligence where complaint filed four days before expiration of statute of limitations and counsel made no inquiry of clerk's office concerning the summons for four months after complaint was filed; service effected seven months after filing). Further, counsel's claim that he did not receive the affidavit indicating that there was no such address as "1649 Van Buren" begs the question of first, why counsel would have waited six months to check and, second, why counsel did not ascertain the reason for lack of service when he determined that Ingram had not been served. Had he done so, counsel would have learned of the error. Although counsel represented that he "assumed" Ingram was not served because she was not at home when service was attempted, there is no basis for this assumption. Instead, apparently without checking the affidavit of nonservice, counsel repeated his mistake and issued yet another summons to a nonexistent address, resulting in further delay. Finally, after obtaining the appointment of a special process server, counsel waited another seven weeks to issue the third alias summons. Mular offered no excuse or explanation for this delay.

¶ 27    Mular's delay in effecting service is particularly problematic here given that her lawsuit was filed one day prior to the expiration of the statute of limitations. If a plaintiff waits until close to the expiration of the limitations period to file suit, a lengthy delay in service nullifies the protection against stale claims the statute of limitations is designed to afford. *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 86 (2005). Thus, a delay in service in a case filed well in advance of the expiration of the statute of limitations may be excused where the same delay in a suit filed close to its expiration may not.

¶ 28    No "special circumstances" appear of record that would excuse the nearly one-year delay between the filing of Mular's complaint and service on Ingram. See *McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1043-44 (2006) (one-year delay in service excused where consumer informed tire manufacturer's adjuster that he would withhold service pending settlement discussions, requested adjuster to advise whether this was acceptable and adjustor said nothing); *Kincaid v. Ames Department Stores, Inc.*, 283 Ill. App. 3d 555, 563-64 (1996) (where employer's bankruptcy proceedings automatically stayed employee's lawsuit and employee obtained service on employer shortly after obtaining order lifting stay, delay in service excused).

¶ 29    Finally, although Ingram was aware of the pendency of the lawsuit by virtue of her receipt in May 2013 of a copy of the motion to vacate the dismissal for want of prosecution and was actually served in July 2013, Ingram's first notice of the suit came 10 months after

- 7 -

the statute of limitations had expired and she was served almost a year after the deadline for filing. While a defendant's awareness of the pendency of a lawsuit before service may be a relevant consideration where reasonable but unsuccessful efforts to effect service have been made, notice to the defendant of the pendency of the lawsuit long after the limitations period has expired is irrelevant where the other factors do not weigh in the plaintiff's favor.

¶ 30    We cannot characterize Mular's efforts as the exercise of "reasonable diligence" in obtaining service on Ingram. Far shorter delays have led to dismissals with prejudice for failure to exercise the reasonable diligence required under Rule 103(b). See *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007) (seven-month delay); *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995) (4½-month delay in issuing alias summons after plaintiff's counsel realized summons had not been placed for service and total 6-month delay in effecting service warranted dismissal). Even if we exclude the period of time during which the lawsuit was dismissed for want of prosecution, the result would be the same: under the circumstances of this case, Mular's 10½-month delay in serving Ingram exhibits a lack of reasonable diligence and the trial court properly exercised its discretion in dismissing her complaint with prejudice.

¶ 31    Given our discussion above, the trial court likewise did not abuse its discretion in denying Mular's motion to reconsider and for leave to file an amended complaint. The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the hearing, changes in the law or errors in the court's previous application of existing law. *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 987 (1987). Mular's motion to reconsider did not fulfill any of the foregoing functions and because this case involves a premises liability and not a construction negligence claim, there would have been no point in allowing Mular leave to file her amended complaint and in requiring Ingram to again move for dismissal.

¶ 32                                CONCLUSION

¶ 33    Mular did not exercise reasonable diligence to obtain service on Ingram and, as a result, the trial court properly dismissed with prejudice her complaint asserting a premises liability claim. We therefore affirm the judgment of the circuit court of Cook County.

¶ 34    Affirmed.