2023 IL App (1st) 220550-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
June 6, 2023

No. 1-22-0550

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ART GROUP, LLC, a Wyoming limited liability company, OUTREACH ACADEMY, LLC, and VALUE CARE CENTERS, LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 20 L 50108 |
| PETER MCCAIN, Building Commissioner of the Village of Dixmoor, YVONNE DAVIS, President of the Village of Dixmoor, and RONALD BURGE, Chief of Police of the Village of Dixmoor, | ) ) ) ) ) | The Honorable Daniel P. Duffy, Judge Presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Trial court's dismissal with prejudice of refiled complaint for failure to exercise diligence in service of process is affirmed. Effect of COVID-19 pandemic on court system and service of process by sheriff's office did not excuse 11-month period of inactivity relative to service.

¶ 2        The plaintiffs, Art Group, LLC, Outreach Academy LLC, and Value Care Centers, LLC, appeal the trial court's dismissal of their complaint at law with prejudice based upon its

determination that they failed to exercise reasonable diligence in obtaining service of process. For the following reasons, we affirm the judgment of the trial court.

¶ 3                                  I. BACKGROUND

¶ 4                                A. Underlying Facts

¶ 5      On February 23, 2018, police officers from the Village of Dixmoor (Village) responded to a call concerning "uninhabitable conditions" at a commercial building owned by plaintiff Art Group and partially leased to an organization that operated a transitional living facility for homeless individuals. As a result of the conditions discovered, officials from the Village vacated all tenants from the building, terminated its water and electrical service, and posted an order prohibiting further occupancy of it pending approval by the Village's building commissioner. Plaintiffs Outreach Academy and Value Care Centers were also tenants in the building and were ousted from their offices as a result of the Village's actions. The Village never issued any citations as a result of the building's conditions. However, despite numerous requests by the plaintiffs to obtain permission to reenter the property to clean and secure it, by April 2018 Village officials were continuing to refuse to allow entry or to remove the posted order prohibiting occupancy.

¶ 6                    B. Chancery Division Case and Procedural History

¶ 7      Accordingly, on April 6, 2018, plaintiff Art Group filed a complaint in the chancery division of the circuit court of Cook County, naming as defendants the Village's building commissioner Peter McCain, president Yvonne Davis, and police chief Ronald Burge. The complaint sought declaratory and injunctive relief, namely that the court declare void the Village's order prohibiting occupancy and authorize the plaintiff to reenter the property and reestablish water and electrical service. The defendants were timely served. On April 30, 2018, the trial court granted the plaintiff a temporary restraining order (TRO) allowing it to access the building for the purpose of cleaning

and maintaining it, reestablishing utility services, and showing it for sale. On May 21, 2018, the trial court entered an order requiring the removal of the no-occupancy order from the building.

¶ 8        At some point thereafter, the case was transferred to the law division. On August 15, 2018, the plaintiff was granted leave to file an amended complaint by August 29, 2018. However, the court order of October 10, 2018, reflects that the plaintiff's counsel did not appear at the status hearing, had not amended the complaint after two opportunities to do so, and was required to seek leave of court before amending it. Although it is not in the record, the plaintiff apparently did file an amended complaint after that time, and on December 17, 2018, the trial court granted the plaintiff leave to file a second amended complaint by January 11, 2019. On February 14, 2019, the trial court entered an order of dismissal for want of prosecution (DWP), with the order reflecting that neither the plaintiff nor its counsel had appeared in court.

¶ 9                         C. Law Division Case and Procedural History

¶ 10        One year later, on February 14, 2020, a complaint was refiled in the law division of the circuit court of Cook County on behalf of plaintiffs Art Group, Outreach Academy, and Value Care Centers. Predicated on the facts set forth above, the complaint sought money damages on behalf of each plaintiff from the three defendants under various legal theories of inverse condemnation, waste, and tortious interference with contract.

¶ 11        Summons were issued that day for the three defendants and placed with the Sheriff's Office of Cook County. Each summons included directions that it be served on the village clerk at Village Hall, 170 W. 145th Street, Dixmoor, Illinois. Although the summonses indicated the correct address for Village Hall, on March 3, 2020, the sheriff's office filed affidavits of service reflecting that none of the summons had been served because no such address existed.

¶ 12        No further activity is reflected in the record on appeal until January 13, 2021, when the trial

court entered an order of DWP. On January 19, 2021, the plaintiffs moved to vacate the DWP, which the trial court granted on February 2, 2021. Also on February 2, alias summonses were issued for the three defendants, again with directions that each summons be served on the village clerk at Village Hall. The summonses were placed with the sheriff's office, and affidavits of service indicate that each was served on February 25, 2021, although service was upon a Village employee, not its clerk.

¶ 13        On March 26, 2021, an appearance was filed on behalf of the three defendants for the purpose of objecting to the sufficiency of service of process. The defendants then moved to dismiss the plaintiffs' complaint on the grounds that service of the individual defendants through an employee of the Village was improper, or alternatively that the plaintiffs failed to exercise reasonable diligence in effecting service under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). On June 16, 2021, following briefing, the trial court entered an order construing the motion as one to quash service of process and granted that relief. The trial court denied without prejudice the aspect of the motion seeking dismissal under Rule 103(b), and it ordered alias summonses to issue *instanter.* That same day, alias summonses were issued, and the plaintiff filed a routine motion for the appointment of a special process server. The trial court granted that routine motion on June 21, 2021. The affidavits of the special process server indicate that service was effected on defendants Burge and McCain on June 28, 2021, and service was effected on defendant Davis on July 1, 2021. All three defendants were served through the village clerk at Village Hall.

¶ 14        On July 28, 2021, the defendants filed a second motion to quash service or alternatively to dismiss the complaint with prejudice under Rule 103(b). In that motion, they again argued that service on the village clerk was improper because the defendants were not being sued in their official capacities. Alternatively, they argued that dismissal was warranted based on the nearly 17-

month delay in obtaining service in the present case, which was exacerbated by the lack of any diligent prosecution in the previous case filed in the chancery division. They set forth the pertinent procedural history and argued that the plaintiffs knew where the defendants could be found. They also argued that statute of limitations for actions against local public employees was one year and had expired, requiring that dismissal of the complaint be with prejudice.

¶ 15        In response, the plaintiffs argued that service should not be quashed because the defendants were sued in their capacity as Village officials and thus service on the village clerk was proper. As to the argument concerning diligence in service, the plaintiffs argued that the purposes of dismissal under Rule 103(b) would not be promoted by dismissal in this case. They argued that the defendants were aware of the claims against them and had investigated those claims through their participation in the prior chancery action. They further argued that the trial court should consider as "special circumstances" that shortly after the case was refiled, a state of emergency was declared due to the COVID-19 pandemic that closed the courts and caused the sheriff's office to cease service of process in nonemergency cases. The plaintiffs also asserted that Village Hall had been closed to the public from March 2020 through the time of filing their response. The response was supported by an affidavit from the plaintiffs' counsel, who stated that in September or October 2020 he had consulted with another attorney who filed many collection cases and learned from that attorney that service of process had been suspended except in emergency cases. This led the plaintiffs' counsel to believe that it was inappropriate to obtain issuance of alias summonses because they would not be served due to restrictions on service by the sheriff's office and the closure of Village Hall.

¶ 16        The defendants filed a reply brief, which attached a notice issued by the law division on March 25, 2020, directing attorneys that they could file motions for the appointment of special

process servers as routine motions with the emergency motion judges. They also attached a copy of Cook County General Administrative Order No. 2020-02 (eff. June 26, 2020), which provided that effective July 6, 2020, the trial court would hear all matters except jury trials by videoconference. They argued that the plaintiffs failed to offer any explanation for not taking advantage of either of these methods.

¶ 17 On November 4, 2021, the trial court entered an order denying the motion to quash but granting the motion to dismiss the complaint pursuant to Rule 103(b). It found that the defendants had made a *prima facie* showing of a lack of diligent service, due to the delay of 16 months and 14 days between the filing of the refiled complaint and the earlier date of service of the defendants. It found that the burden thus shifted to the plaintiffs to show they had acted diligently and that they failed to do so in this case. It reasoned that the length of time taken to obtain service, the plaintiffs' complete inactivity relative to service between March 2020 and February 2021, and the plaintiffs' actual knowledge of where service could be effected substantially outweighed the factors relied upon by the plaintiffs, including the defendants' knowledge of the claims from the chancery action and the effect of COVID-19 on the court system and sheriff's office. Finally, it concluded that the statute of limitations had expired and therefore ordered that the dismissal would be with prejudice.

¶ 18 On December 6, 2021, the plaintiffs filed a motion to reconsider. In that motion, the plaintiffs argued that the trial court should have excluded from its time calculation (1) the period from March 17, 2020, to July 6, 2020, when the court system was closed and the sheriff's office was not serving process in nonemergency cases; and (2) the period from January 13, 2021, to June 28, 2021, when the plaintiffs were "absolutely diligent" by issuing two sets of alias summonses and briefing and arguing the first motion to dismiss. Thus, the plaintiffs argued, only 6 months of inactivity should be chargeable to the plaintiffs, not 16 months, and these should be considered in light of the special

circumstances posed by the unprecedented COVID-19 pandemic.

¶ 19    On March 25, 2022, the trial court denied the motion to reconsider. It rejected the plaintiffs' assertion that the relevant time period should be calculated to omit the bulk of the delay, reasoning that the "special circumstances" factor of the diligence test "cannot be construed to effectively swallow application of Rule 103(b) in its entirety." This appeal followed.

¶ 20    II. ANALYSIS

¶ 21    On appeal, the plaintiffs contend that the trial court abused its discretion in dismissing their complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). They argue that in this case, none of the purposes which Rule 103(b) seeks to advance are furthered by the dismissal of their complaint. They also argue that the trial court abused its discretion in the way it evaluated their diligence in effecting service. These interrelated arguments largely focus on the impact of the COVID-19 pandemic on the functioning of the court system and the ability of the sheriff's office to serve process in civil cases during the timeframe at issue.

¶ 22    Rule 103(b) authorizes a trial court to dismiss an action against a defendant with prejudice if the plaintiff fails to exercise reasonable diligence in obtaining service on that defendant after the statute of limitations has expired. *Id.* The rule does not delineate any specific time limitation for service. Rather, it directs a court, in considering the exercise of reasonable diligence, to "review the totality of the circumstances, including both lack of reasonable diligence in any previous case *** dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure" (735 ILCS 5/13-217) (West 2020)). Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 23    The rule must be applied in the promotion of its purpose, which is to protect defendants from unnecessary delay in the service of process and to prevent plaintiffs from circumventing statutes

of limitation (which are designed to afford defendants a fair opportunity of investigation while facts are accessible) by timely filing suit but avoiding service until they are ready to proceed with the litigation. See *Segal v. Sacco*, 136 Ill. 2d 282, 286-87 (1990). By giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence, the rule serves an essential purpose in promoting the expeditious handling of litigation. *Id.* at 285-86. Although dismissal with prejudice is a harsh penalty, it is justified when the delay in service is of a length that denies a defendant a fair opportunity to investigate the circumstances upon which liability is predicated while facts are accessible. *Id.* at 288.

¶ 24 When a defendant moves for dismissal under Rule 103(b), the defendant must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing the complaint. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 17. Only if the defendant makes this showing does the burden shift to the plaintiff to provide a satisfactory explanation for the delay in service. *Id.* In this case, the trial court found that the defendants made the requisite showing of a lack of diligence in effecting service. This was based on the lapse of 16 months and 14 days between the date of filing of the refiled complaint (February 14, 2020) and the earliest date upon which proper service was effected on the defendants (June 28, 2021). The plaintiffs do not challenge this aspect of the trial court's ruling or that the burden shifted to them. We recognize also that lapses of far shorter duration have been held sufficient as a *prima facie* showing of nondiligence. See *e.g.*, *id.* ¶ 19 (seven months); *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 25 (eight months).

¶ 25 Thus, the issue is whether the plaintiffs met their burden of showing that the delay in effecting service was reasonable and justified. *Emrikson*, 2012 IL App (1st) 111687, ¶ 20; *Kole v. Brubaker*, 325 Ill. App. 3d 944, 950 (2001). On this question, the plaintiffs' subjective intent to delay service

is not determinative. *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 21. Rather, courts apply an objective test of reasonable diligence. *Emrikson*, 2012 IL App (1st) 111687, ¶ 20. Each case is decided on its own facts and circumstances, but the factors that a court may consider include: (1) the length of time used to obtain service of process; (2) the activities of the plaintiffs; (3) the plaintiffs' knowledge of the defendants' location; (4) the ease with which the defendants' whereabouts could have been ascertained; (5) actual knowledge on the part of the defendants of the pendency of the action as a result of ineffective service; (6) special circumstances which would affect the plaintiffs' efforts; and (7) actual service on the defendants. *Segal*, 136 Ill. 2d at 287. These factors must be considered in light of the purposes that Rule 103(b) seeks to promote. *Id.*

¶ 26        The plaintiffs' initial argument on appeal is that any delay in the service of process in this case did not frustrate any of the three principal purposes which Rule 103(b) seeks to promote: affording defendants a fair opportunity to investigate the facts of the case, preventing circumvention of the statute of limitations, and promoting the expeditious handling of cases. First, they argue that the defendants were not deprived of the opportunity to investigate this case while the facts were fresh, due to their participation in the prior case filed in the chancery division. Also, they assert that nearly the entire factual basis of this case is contained in the Village's own records. Accordingly, they argue, the defendants are not prejudiced by the delay in service. Second, the plaintiffs argue that there is no evidence of intent on their part to delay service or the litigation, as shown by the fact that they obtained issuance of properly addressed summonses on the day they filed their complaint, which would have been served but for the sheriff's erroneous determination that the address stated in the summonses did not exist. Finally, they argue that any delay in the expeditious handling of this case should be attributed to the effect of the COVID-19 pandemic on the circuit court system, which was far more significant than any delay in the service of process.

They particularly note that the failure of service likely would have been discovered earlier if the circuit court had held normal case management conferences during the pandemic.

¶ 27　　　　We reject the plaintiffs' arguments that the purposes which Rule 103(b) seeks to promote were not frustrated by the delay in this case. The facts giving rise to it occurred February 23, 2018, when the Village responded to a call about uninhabitable conditions in the plaintiffs' building and thereafter prohibited occupancy of it for several months. Although a timely action was filed in the chancery division concerning this incident, nothing in the record on appeal indicates that it proceeded beyond the entry of a TRO allowing the plaintiffs to access their property on April 30, 2018, and an order for the Village to remove its no-occupancy order from the building on May 21, 2018. We find nothing in the record on appeal suggesting that the plaintiffs' current tort claims for money damages were part of that case, that the parties were at issue on the pleadings, or that any discovery or depositions were obtained prior to the DWP on February 14, 2019. Nothing then happened for an additional year until the case was refiled. Thus, although the defendants may have been generally aware of claims against them arising from the incident, neither knowledge of the litigation or lack of prejudice precludes dismissal. *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990). Instead, it appears here that the plaintiffs did not prosecute the earlier litigation in a way that provided the defendants with the opportunity to investigate the claims while the events were relatively recent.　The lack of reasonable diligence in a previous case dismissed for want of prosecution is a matter which Rule 103(b) expressly directs courts to consider as part of the totality of the circumstances. Ill. S. Ct. Rule 103(b) (eff. July 1, 2007). The record suggests that this occurred in the chancery action after the initial granting of the TRO, resulting in a total of 3 years and 4 months lapsing between the incident and the date of proper service in the refiled case with little investigation occurring within the context of litigation. Thus, we conclude that the rule's

purpose of ensuring that defendants receive an opportunity to investigate while facts are fresh and accessible would be promoted by dismissal of the refiled case.

¶ 28       Second, we accept the plaintiffs' word that the delay in service here was an honest oversight and not an intentional effort to circumvent the applicable statute of limitation, which is one year for tort actions against employees of a municipality. See 745 ILCS 10/8-101(a) (West 2018). However, whether it was intentional or inadvertent, service of the refiled case did not occur until nearly two and a half years after the statute of limitation expired. The defendants were thereby deprived of its benefit, which is a fair opportunity to investigate while facts are accessible. Preventing intentional delays in service is not the only purpose of Rule 103(b); lengthy delays in service that are inadvertent or unintentional are just as much grounds for dismissal as intentional delays, as the test is an objective one of reasonable diligence. *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007). Accordingly, this purpose of Rule 103(b) is also furthered by dismissal here.

¶ 29       Third, we reject the plaintiffs' argument that the purpose of dismissal under Rule 103(b) is not advanced here because the delay to this case attributable to the COVID-19 pandemic's impact on the court system was more significant than any delay caused by the late service of process. We address the plaintiffs' argument regarding the impact of the pandemic in greater detail below. However, for purposes of this initial argument, it is sufficient to say that although we are sympathetic to the difficulties of practicing law in the early days of the pandemic, the court system did not stop functioning at that time. Methods remained available for serving defendants with process, and if that had timely occurred here, this case could have progressed at least into the early stages of litigation during the worst of the pandemic delay. Instead, the failure to effect timely service certainly exacerbated any delay this litigation would have faced as a result of the pandemic.

¶ 30       Having rejected the argument that the purposes of Rule 103(b) are not implicated in this case,

we proceed to the plaintiffs' second principal argument, which is that the trial court misapplied the criteria for evaluating diligence in service. See *Segal*, 136 Ill. 2d at 287. The gist of the plaintiffs' argument is that the trial court inappropriately discounted the impact of the COVID-19 pandemic in its consideration of two factors: (1) the length of time used to obtain service, and (2) special circumstances affecting the plaintiffs' efforts at effecting service.

¶ 31    As to the length of time to obtain service, the plaintiffs argue that although 16 months may have lapsed in total, consideration of the plaintiffs' diligence should be confined to the 6-month period between July 6, 2020, when the circuit court resumed operations following its initial pandemic-related closure, and the entry of the DWP on January 13, 2021. They argue that it was reasonable for them to assume, at least during the court's closure from March 13 to July 6, 2020, that service of process could not be accomplished. And they argue that they were "as diligent as [they] could possibly be" after January 13, 2021, when they immediately moved to vacate the DWP, obtained alias summonses that were served three weeks later on a Village employee, litigated the first motion to quash, and thereafter obtained new alias summonses and the appointment of a special process server, which resulted in successful service on June 28, 2021.

¶ 32    They go on to make the related argument that the COVID-19 pandemic was a "special circumstance" affecting their efforts at service, which deserved greater consideration than the trial court gave it. In summary, they argue that the chaos of the pandemic caused their attorney to have the mistaken, albeit reasonable, understanding that service of process was not being undertaken in any nonemergency cases from March 2020 through January 2021, when he learned of the DWP. They similarly argue that it caused him to have the mistaken belief that all nonemergency litigation had been placed on hold through at least September or October 2020, which was perpetuated when another attorney told him that the sheriff's office "was not serving anything of a non-emergent

nature." Acknowledging that their attorney's failure to consult the circuit court's general orders that were available on its website at that time "was not the best practice," they contend it was not unreasonable in light of the chaos of the pandemic. The plaintiffs also assert that Village Hall remained closed to the public through at least October 2020 and that it appeared to the plaintiffs' attorney that service on the village clerk would be futile while the building was closed.

¶ 33 The trial court rejected these arguments when they were presented to it, reasoning in its ruling on the motion to reconsider that the "special circumstances" factor of the reasonable diligence test did not warrant omitting the bulk of the delay in service in this case. It stated that to do so would "effectively swallow application of Rule 103(b) in its entirety." The trial court focused on the 11 months of "complete inactivity" relative to effecting service from March 2020 to February 2021, noting that 16 months had lapsed in total before service was properly effected. Thus, it stated that the first four factors of the reasonable diligence test militated heavily in favor of dismissal notwithstanding the evidence relied on by the plaintiffs concerning the last three factors.

¶ 34 We find no abuse of discretion in the trial court's application of the reasonable diligence factors or its dismissal of the plaintiffs' complaint. While we recognize that the special circumstances of the pandemic were disruptive to the practice of law during the time period at issue, we reject the notion that it was so disruptive as to warrant excusing a complete absence of effort by the plaintiffs at serving the defendants from March 2020 through February 2, 2021, when they obtained issuance of the first set of alias summonses. Significantly, we are dealing here with a refiled case. The record on appeal indicates that the prior chancery action was marked with a lack of diligent prosecution after the TRO was issued, and it ended with an order of DWP after the statute of limitations had expired. The plaintiffs then waited an entire year to refile the case, doing so on the last possible day. See 735 ILCS 5/13-217 (West 2020). Thus, the plaintiffs should have

recognized that, notwithstanding the pandemic, they were facing a situation in which any nondiligence or inexplicable delay in service was unlikely to be tolerated by the court. See *Mular*, 2015 IL App (1st) 142439, ¶ 27 (delay in serving suit filed near expiration of filing period is less likely to be excused than same delay in case filed well in advance of deadline); *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995) (affirming dismissal upon 6-month delay in service of case refiled one year after DWP of prior case for inactivity).

¶ 35 Given these circumstances, along with the plaintiffs' knowledge from the outset that service could be obtained on the defendant municipal officials through the village clerk, we agree that the 11 months of complete inactivity relative to service simply cannot be excused. Even if we accepted that the plaintiffs' attorney was reasonable in mistakenly believing that the sheriff's office would not serve process in a nonemergency case throughout this time, this does not account for his failure to inquire into whether service could be accomplished by special process server. We take judicial notice that, by April 13, 2020, the law division had issued general administrative order 20-4, which expressly authorized motions for appointment of a special process server to be submitted as routine motions by e-mail to designated motion judges.[1] It appears from the record that this procedure was available earlier, as of March 23, 2020. The availability of these procedures has previously led this court to conclude that neither the COVID-19 pandemic nor the sheriff's office's temporary prioritizing of service in essential cases constituted "special circumstances" excusing a delay in service from March 2020 to March 2021. See *Ollins v. Karl*, 2022 IL App (1st) 220150, ¶¶ 44, 50. The same conclusion is warranted here. We appreciate the candor of plaintiffs' counsel that he did

---

[1] Circuit Court of Cook County, Law Division, General Administrative Order No. 20-4 (eff. Apr. 13, 2020) is available at: https://www.cookcountycourt.org/Portals/0/Law%20Divison/General%20 Administrative%20Orders/gao%2020-4%20signed.pdf?ver=2020-04-14-123621-357 (last accessed June 1, 2023).

not see the orders posted to the circuit court's website. However, we are simply unable to accept that it was reasonable for an attorney, under the facts of this case, to neglect for over 11 months to investigate the available options for serving process and to avail himself of them.

¶ 36                                    III. CONCLUSION

¶ 37        For the foregoing reasons, the judgment of the trial court dismissing the plaintiffs' complaint at law with prejudice is affirmed.

¶ 38        Affirmed.